IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **QBE Corporate Limited,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 2:16-cv-682 |
| ) | |
| **BROWDER VENEER WORKS, INC.,** ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS DECLARATORY JUDGMENT

**COMES NOW**, Defendant Browder Veneer Works, Inc. (hereinafter referred to as "Browder"), and hereby moves this Honorable Court to exercise its discretion and dismiss this action as inappropriate for this venue, or in the alternative, for lack of subject matter jurisdiction pursuant to rule 12(b)(1), *Federal Rules of Civil Procedure*.

## PRELIMINARY STATEMENT

On August 19, 2016, a foreign entity by the name of QBE Corporate Limited filed a declaratory judgment Complaint in The United States Federal Court in the Middle District of Alabama, Northern Division against Browder, a corporation with its principle place of business in Montgomery, Alabama contending an insurance coverage dispute and said the following:

> "Plaintiff QBE is the sole capitol provider to Syndicate 1886, which is one of many syndicates that transact business in the marketplace known as Lloyd's of London. QBE underwrote 30% of the policy of insurance at issue in this action, and thus subscribed to 30% of the risk on that policy. QBE is a corporation organized and existing under the laws of England, with its registered office and principal place of business in London, England." (See Exhibit 4, Lloyd's Complaint)

1

At no time has Browder held a policy of insurance with a foreign entity by the name of "QBE Corporate Limited Partnership". "QBE Corporate Limited Partnership" is not one of the syndicates in Policy RM02711 written by certain underwriters at Lloyd's of London (hereinafter referred to as "Lloyd's").  (See Exhibit 1, Policy)

## PARTIES, STANDING & JURISDICTION

1. Browder is not a party to any insurance contract with QBE.  (See Exhibit 1, Policy) In plaintiff QBE's Complaint they reference an insurance contract written by Certain Underwriters at Lloyd's of London and Browder, but the only policy that defendant Browder has with Certain Underwriters at Lloyd's of London is policy number RM02711 and consists of Syndicates SYND 1886 QBP 13PB240629YA, SYND 510 KLN FAQE13EQEY, SYND 2121 ARG M09405MA113X, and SYND 1200 AMA 1552513AR000.  (See Exhibit 1, Policy).  In said Complaint, plaintiff references QBE as one of many syndicates that transact business in Lloyd's.  The Complaint also states that QBE underwrote 30% of the "insurance at issue in this action", and thus subscribed to 30% of the risk on that policy.

2. There is no reference in the Complaint that QBE is an intended third-party beneficiary of said policy.  As stated in the policy's Table of Syndicates:

The Table of syndicates referred to in the Agreement follows:

Property

Underwriters at Lloyd's of London[1]

| | | |
|---|---|---|
| 30.0000% | SYND 1886 QBP | 13PB240629YA |
| 39.0000% | SYND 510 KLN | FAQE13EQEY |
| 15.0000% | SYND 2121 ARG | M09405MA113X |
| 16.0000% | SYND 1200 AMA | 1552513AR000 |
| 100.0000% | | |

---

[1] Lloyd's certificate of policy number RM02711 of the insurance policy with Browder.

2

3. One must either be a party or an intended third-party beneficiary to a contract to have standing. *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 494 F.3d 1356, 1360 (11th Cir. 2007)

4. QBE not being a party to the Complaint. This action should be dismissed for lack of standing.

## LEGAL STANDARD

5. It is well-settled that the Declaratory Judgment Act is properly "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214(1995). Indeed, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (citations omitted). As the Eleventh Circuit observed, the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328 (11th Cir.2005).

6. "The desire of insurance companies . . . to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Companies v. Summy,* 234 F.3d 131, 136 (3rdCir. 2000); *see also Prudential Ins. Co. v. Doe,* 140 F.3d 785, 789 (8th Cir. 1998) ("The Supreme Court's decision in *Wilton* vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action.").

7. Plaintiff's Lloyd's complaint does not contain any claims that require a "special call on the federal forum" (*Americus)* and to decide. (See Lloyd's complaint, Exhibit 4).

8.      Consistent with the foregoing, it has long been recognized in this Circuit that a district court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194, 1195 (11th Cir. 1982).

9.      On August 26th, 2016 Browder filed an action in the Circuit Court of Montgomery County, Alabama in which Browder raised all issues contained as state claims in CV-2016-901151, *Browder Veneer Works, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Policy Number RMO2711, et al.* (See Exhibit 5, Browder Complaint)

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Because federal courts are courts of limited jurisdiction, this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. See *University of South Ala. V. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). Where, as here, a plaintiff alleges jurisdiction on the basis of diversity of citizenship of the parties, § 1332 requires complete diversity; absent complete diversity, the district court lacks jurisdiction over

all of the claims in the action.  See *Stewardt v. Johnson*, 2008 U.S. Dist. LEXIS 53009, *5, 2008 WL 2756720, *6 (S.D. Ala. 2008).

## DIVERSITY OF CITIZENSHIP OF PARTIES

10. In the event the court finds that "Lloyd's" does have standing, Lloyd's is required to plead the citizenship of each underwriter by name, not just one party.[2]

> "we conclude that a Lloyd's syndicate must plead the citizenship of each name to establish diversity jurisdiction" *See Underwriters at Lloyd's, London v. Carol Osting-Schwinn,* 613 F.3d 1079 U.S.C. (11th Cir.2010)

11. As stated in plaintiff's Complaint, QBE contends it "underwrote 30% of the policy at issue in this action", and thus subscribed to 30% of the risk on that policy.  (See Exhibit 4, Lloyd's Complaint)

> "For federal diversity jurisdiction to attach, all parties must be completely diverse, *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806); *Palmer v. Hosp. Auth. Of Randolph County,* 22 F.3d 1559, 1564 (11th Cir.1994); *Tardan v. Cal. Oil Co.,* 323 F.2d 717, 721-22 (5th Cir.1963), and the amount in controversy must exceed $75,000, 28 U.S.C. § 1332(a).  The party commencing suit in federal court – in this case, the **underwriting** syndicates at **Lloyd's** - has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.  *See* **\*1086** Fed.R.Civ.P. 8(a)(1); *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir.2002)."

Lloyd's is merely trying to circumvent case law in this matter and not name all the syndicates that hold risk in this policy number RM02711.  (Exhibit 1, Policy) Had Lloyd's followed the 11th Circuit's direction as set out in *Schwinn* they would have to plead the name and citizenship of all parties who make up each syndicates and would have defeated Lloyd's contention of diversity of parties.

---

[2] Browder, first and foremost, contends that QBE is not a party or a third-party beneficiary to this action and does not have standing to bring this action. *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 494 F.3d 1356, 1360 (11th Cir. 2007)

5

## JOINDER OF INDISPENSABLE PARTIES

12.     Defendant Lloyd's has intentionally refrained from naming all possible defendants to this action which are necessary for complete relief to be afforded.  F.R.C.P. 19 specifically says:

> "1.  **Persons to be Joined if Feasible**. A person who is subject to service or process and whose joinder will not deprive the court of jurisdiction over the subject matter to the action shall be joined as party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or in a proper case, an involuntary plaintiff.  If the joined party objects to venue and joinder of that party would render the venue of the action, that party shall be dismissed from the action."

13.     Lloyd's was clearly aware that Browder was looking at a possible recovery for their loss from other possible defendant's in a state court proceeding that would be impacted by the coverage issues Lloyd's has presented this court in its complaint.  As stated in emails sent on August 12th, 2016 by Ed Kendall to Bo Williams:

> "Good afternoon Bo
>
> We are quickly coming up on the two year date of the fire (August 29th) at Browder Veneer.  My clients have expressed an interest in attempting to pursue the city of Montgomery for a litany of mistakes made when they reported the fire.  We have already put the city on notice when we first met with the Browders.
>
> This puts all of us in a tough position.  If we can't finalize this settlement with your client then I will be forced to add your them to this lawsuit.
>
> I feel like we are close to getting this resolved with our clients and can be resolve expeditiously.   I can adjust my calendar accordingly to meet with you or anyone else.

Let me know where we stand."

On August 19th, 2016 Bo Williams responded to Ed Kendall's email in which he concedes that this declaratory judgement action may have an impact on an action for insurance coverage and possible contributions with other defendants.

> "Browder Veneer intends to pursue a lawsuit against the City of Montgomery (the "City") before August 29, and you advised of your client's intentions to include Underwriters in that lawsuit (ref. below August 12 email) where Browder Veneer seeks <u>uninsured losses in tort</u> (*emphasis added*) against the City. We appreciate that you have an August 29 statute of limitation to protect against the City in that regard, but Underwriters are not properly a co-defendant in such a case in our view, and, ultimately, we believe Underwriters' presence in that case would hinder rather than assist Browder Veneer's efforts to recover against the City."

(See attached Exhibits 2 & 3)

Lloyd's knew of Browder's intentions to pursue damages from other defendants that could have been adversely impacted by a ruling in this action.

"The Declaratory Judgment Act was not designed to countenance such procedural manipulation of forums and actions. (Cites omitted). In fact, the misuse of the Declaratory Judgment Act to gain a procedural advantage and pre-empt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the Declaratory Judgment Action." *Great American Insurance Co. v. Houston General Insurance Co., 735 F.Supp. 347, 350 (S.D.N.Y. 1990)*

"A Federal declaratory judgment is not a prize to the winner of the race to the courthouse." *Federal Insurance Co. v. May Department Stores,* 808 F.Supp. 347, 350 (S.D.N.Y. 1990)

**MISGUIDED APPLICATION OF CASE LAW**

14. Lloyd's reliance *Corfield v. Dallas Glen Hills*, LP  355 F. 3rd 853, 864 (5th Circuit 2003) is misguided. Additionally, Lloyd's contention that *Schwinn* endorses *Corfield* is not a correct. (Exhibit 4, Lloyd's Complaint).

The 11th Circuit addressed this matter in *Schwinn*:

"Although we conclude that a **Lloyd's** syndicate must plead the citizenship of each Name to establish diversity jurisdiction, we address one final possibility by which jurisdiction might be salvaged here. Several circuits have held that because of the <u>Names' several liability, an individual Name that meets the amount in controversy requirement may proceed in his individual capacity</u>. *See Corfield*, 355 F.3d at 864; *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F. 3d 210, 222-23 (3d Cir. 1999); E.R. Squibb, 160 F.3d at 939-40. Lloyd's has not met this requirement.

In *Schwinn* the court states "several liability is fundamental to the **Lloyd's** (*emphasis added*) structure and, as we've noted, is expressly provided for by statute; both the **Lloyd's** Act of 1871 and the **Lloyd's** Act of 1982 underscore that each Name is liable solely for his own proportional risk on a **Lloyd's** a contract: "An **underwriting** member shall be a party to a contract of insurance **underwritten** at **Lloyd's** only if it is **underwritten** <u>with several liability</u>, each **underwriting** member for his own part and not one for another, and if the liability of each **underwriting** member is accepted and solely for his own account." **Lloyd's** Act, 1982, c. 14, § 8(1). *See also* **Lloyd's** Act, ***1092** 1871, c. 12 § 40. Accordingly, each **underwriter** has an independent stake in the insurance contract that stands apart from the liabilities of the other

**underwriters** of the contract." *See, e.g., Squibb,* 160 F.3d at 937; *Chem. Leaman*, 177 F.3d at 222-23.

At no point does Lloyd's state that QBE is solely responsible for satisfaction of the entire liability in this matter. (Exhibit 4, Lloyd's Complaint)

## CONCLUSION

15. For all of the foregoing reason's, Defendant Browder's Motion to Dismiss is due to be granted.

**RESPECTFULLY SUBMITTED** on this the 9th day of September, 2016.

>  /s/ Edward P. Kendall
> **EDWARD P. KENDALL (KEN028)**
> **MICHAEL G. STRICKLAND (STR032)**
> Attorneys for Plaintiff

**OF COUNSEL:**
Strickland & Kendall, L.L.C.
2740 Zelda Road, Suite 500 (36106)
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax
edkendall@jurytrial.us
mgs@jurytrial.us

## CERTIFICATE OF SERVICE

   I hereby certify that on the 9th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF/Pacer System which will send notification of such filing to the following:

A. Grady "Bo" Williams, IV
William E. Shreve, Jr.
PHELPS DUNBAR, LLP
P.O. Box 2727
Mobile, Alabama 36652

                /s/ Edward P. Kendall
                Of Counsel